CRAIN, Judge.
Plaintiffs, Greenbriar Nursing Home, Inc., Guest House of Slidell, Inc., Forest Manor, Inc., Lacombe Nursing Home, Inc., and Pontchartrain Guest House, Inc., are the owners and operators of the above named nursing homes and are located in St. Tammany Parish. They are the holders of Certificates of Need which were issued pursuant to Section 1122 of the federal Social Security Act, 42 U.S.C. Sec. 1320a-1 et seq. Plaintiffs instituted this action for declaratory and in-junctive relief against Christopher Pilley as Secretary of the state Department of Health and Hospitals (DHH) alleging that DHH failed to follow its own rules and regulations when on April 29, 1988, DHH reinstated a Certificate of Need to Louisiana Extended Care Centers, Inc.[1] which had originally been issued (in 1984). Plaintiffs seek to have DHH annul and vacate the certificate and/or conduct a review of the application; to require the facility to be built in its originally intended location, or to prevent the reimbursement of federal funds to the facility.
DHH filed the peremptory exception raising the objection of no right of action. The exception was overruled by the trial court. DHH applied to this court for supervisory writs. We granted writs and reversed the judgment of the trial court overruling the peremptory exception. (92 CW 1630) Plaintiffs applied to the Louisiana Supreme Corut for supervisory and/or remedial writs in this matter. The Supreme Court granted writs and remanded to this court for briefing, argument and opinion. (92 CC-3162). 612 So.2d 69.
In Lifemark Corporation v. Guissinger, 416 So.2d 1279 (La.1982), the Supreme Court dealt with the issue of whether an opponent of an 1122 certificate recipient may judicially oppose the issuance of that certificate by either appeal or separate court action. In deciding the issue the court considered the following factors: the Section 1122 review procedure is streamlined in order to facilitate the construction of needed facilities and to avoid delay; federal law requires the establishment of appeal procedures for proponents of capital expenditures who have been denied a Section 1122 certificate of need; federal law does not require the establishment of appeal procedures for opponents of proposals which have been approved; and Louisiana law has established no appeal procedure for such opponents. After considering the above factors the Supreme Court held that plaintiff/opponent had no right to oppose the issuance of a certificate of need.
In Psychiatric Institutes of America, Inc. v. Guissinger, 464 So.2d 7 (La.App. 1st Cir.1984), writs denied, 467 So.2d 530, 534 (La.1985), plaintiffs alleged that state regulations required public hearings guaranteeing equal time to opponents and proponents of a proposed application for a certificate of need. Therein, we interpreted Lifemark to hold “that the law does not require the establishment of such appeal procedures for opponents of proposals that have been validly approved. Thus, where the approval is invalid, judicial review is available in state court on that narrow procedural issue: whether the DPA and hearing officer followed their own procedures.” Id. at 11. (Emphasis original) (footnote omitted).
In Rapides General Hospital v. Robinson, 488 So.2d 711 (La.App. 1st Cir.), writ denied, 489 So.2d 1276 (La.1986), this court sat en banc and reconsidered our Psychiatric Insti *96 tutes of America, Inc., interpretation of Lifemark. We stated that unlike the plaintiffs in Psychiatric Institutes of America v. Guissinger, plaintiffs in Rapides did not claim they were denied access to public hearings. However, had they so alleged, such a claim would be immaterial because:
this court is of the opinion the preclusion set forth by our Supreme Court in Lifemark is an absolute one and exceptions should not be judicially created by this intermediate court.
The Lifemark court noted,
“For example, the DPA is required to complete its review of an application within sixty to ninety days of receiving it and, if the DPA fails to render its decision within the allotted time, the application is deemed approved for Section 1122 purposes. 42 C.F.R. Sec. 100.-106(A)(4).”—at 1281, fn 5.
Thus, it is evident the court recognized the DPA did not have to follow any procedural scheme and an application would still be deemed “validly” approved.
Further, to preclude review of only valid approvals is a meaningless act. How might one tell if an approval is valid or invalid prior to review? If preclusion were applied only to valid approvals it would never take place. There is no need to preclude the review of a valid approval. When the court in Lifemark stated ‘plaintiffs are not entitled to oppose the certificate of approval issued to NME,’ the meaning is clear. See Hollingsworth v. Schweiker, 664 F.2d 526 (5th Cir.1981) and Wilmington United Neighborhoods v. United States Department of Health, Education and Welfare, 615 F.2d 112 (3d Cir.1980), cert. denied, 449 U.S. 827, 101 S.Ct. 90, 66 L.Ed.2d 30 (1980); and compare with Humana Hospital Corp., Inc. v. Blankenbaker, 734 F.2d 328 (7th Cir.1984).
Rapides, 488 So.2d at 716-717.
This panel is bound to follow the interpretation of Lifemark as rendered by this court sitting en banc in Rapides. Thus, the preclusion set out in Lifemark is absolute and plaintiffs have no right to appeal or to judicial review of the award of the certificate of need to Louisiana Extended Care Centers, Inc. Accordingly, we reverse the judgment of the trial court denying the peremptory exception, and order plaintiffs’ suit dismissed. Costs are assessed against plaintiffs.
REVERSED.

. The certificate was originally issued to Mississippi Extended Care Centers, Inc. The name of the owner of the certificate of need was changed to Louisiana Extended Care Centers, Inc., a sister corporation, in April, 1984.