Dear Mr. Tubb:
You have requested an opinion of the Attorney General, regarding the use of revenues generated from a .50 mill ad valorem tax levied by the Parish of Ouachita (Parish). The tax proposition, in question, provides, in pertinent part, the following:
 May the parish of Ouachita utilize proceeds from the levy of a special tax of .50 mills on all property subject to taxation in the parish, said millage being approved in an election held on November 18, 1995, and dedicated for the `purpose of acquiring, constructing, and improving the public library and its branches' for the purpose of purchasing books and equipment for use by the library?
You specifically ask whether the proceeds of this tax may be used for the purpose of purchasing books and equipment for use by the library.
We find the following constitutional in statutory provisions to be relevant to this issue:
 § Art. VI, § 32. Special Tax; Authorization
 Section 32. For the purpose of acquiring, constructing, improving, maintaining, or operating any work of public improvement, a political subdivision may levy special taxes when authorized by a majority of the electors in the political subdivision who vote thereon in an election held for that purpose.
 R.S. 39:704. Proceeds of special tax
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used.
It is well established that the scope of the authority for the expenditure of millage revenues is concommitant to the consent of the electorate. The ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the millage. Further, our courts have uniformly held that special taxes must be strictly construed. Police Jury of theParish of Acadia v. All Taxpayers, et. al., 623 So.2d 94
(La.App. 3rd Cir. 1995), writ denied; and Hemler v. Richland ParishSchool Board, 142 La. 133, 76 So. 585 (1917). In Helmer, our Supreme Court specifically held that:
 It is [a] familiar principle that laws authorizing taxation . . . are in derogation of common rights, and therefore, to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied.
As previously noted, the tax proposition placed before the constituents of the Parish dedicate the tax revenues for ". . . the purpose of acquiring, constructing and improving the public library and its branches?" We believe that this language is not broad enough to include the purchase of books and equipment for use by the library. In accord are Attorney General Opinion No. 98-287 and 96-494.
This opinion would not prevent the Police Jury from requesting the voters to rededicate the proceeds of the tax so as to include the purchase of books and equipment. A rededication election would have to be approved by the State Bond Commission as per R.S. 39:1410.61. Further, our conclusion would not prohibit the Police Jury from utilizing another funding source for this purpose — a source that is not otherwise dedicated.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla