Dear Mr. Austin:
This letter is in response to an opinion request from Roger Harris, formerly of your office, regarding Act 290 of the 1997 Regular Legislative Session ("Act 290") and its effect on a particular ad valorem tax proposition approved by the voters of Lafourche Parish Hospital Service District No. 1 (the "Hospital District") on November 18, 1995. Act 290 is attached hereto as Exhibit A and the tax proposition is attached hereto as Exhibit B.
The tax proposition approved by the electorate provides:
 "Shall Hospital Service District No. 1 of the Parish of Lafourche levy a special tax for the purpose of acquiring and operating hospital facilities (in particular the furnishing of ambulance services throughout the Tenth Ward of the Parish, pursuant to an agreement with the Ambulance Service District No. 1 of the Parish of Lafourche, State of Louisiana?)"
Your letter indicates that all tax proceeds generated by the proposition and collected by the Hospital District have been transferred to the Ambulance District, pursuant to an agreement between the two Districts, to be utilized for ambulance services. We note, however, that the tax is not limited to exclusive use for ambulance services, as the proposition refers to the acquisition and operation of hospital facilities.
Section 1 of Act 290 purports to authorize the tax collector of Lafourche Parish to collect the tax, which was approved by the electorate of the Hospital District and has been levied by the Hospital District, ". . . on behalf of the ambulance service district in the current tax year . . .". Section 2 of Act 290 purports to dissolve the Hospital and Ambulance Districts' agreement regarding the tax, and further purports to remove the tax from the tax rolls of the Hospital District. In light of the provisions of this act, your office asked the Attorney General to advise whether Act 290 can legally transfer the ad valorem tax millage from the Hospital District to the Ambulance District and if so, whether the transfer is only for 1997 or through the year 2005.
This office has long been of the opinion that ad valorem tax proceeds can only be used in the manner set forth in the proposition approved by the electorate. Atty. Gen. Op. Nos. 98-287, 97-434, 96-494, 88-601 and 74-984. We note that R.S.39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v.Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James Parish Council, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore to be strictly construed this is especially true of laws authorizing special taxes."
In our opinion, the transfer of the tax proceeds from the Hospital District to the Ambulance District without the authorization of the electorate would violate the legal principles set forth in the above-referenced authorities. It is therefore our opinion that Act 290 cannot transfer an ad valorem tax millage dedicated by the voters to the Hospital District to the Ambulance District.
Of course, the Hospital District can continue to transfer the tax proceeds to the Ambulance District in accordance with the terms of the agreement between the two districts. The two districts may also wish to have the tax rededicated directly to the Ambulance District by having a proposition to that effect placed before the voters at a future election.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Ms. Paulette Jackson, Office of the Legislative Auditor Ms. Mickey Savoie, Ambulance Service District No. 1 of Lafourche Parish
DATE RECEIVED: 9/2/98 DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL