Reference is made to your recent request for an Attorney General's opinion, made on behalf of your client, the Natchitoches Parish Hospital Service District, which operates the Natchitoches Parish Hospital.
According to your correspondence, the District is the sole provider of ambulance service in Natchitoches Parish. In 1986, the Natchitoches Parish Police Jury, as taxing authority for the Parish, proposed an ad valorem tax to the parish voters to offset the cost of operation of the District's ambulance service. The proceeds of this tax, in accordance with the proposition approved by the voters, are to be used " for the purpose of paying part of the cost of operation and maintenance of an ambulance service operated by Natchitoches Parish Hospital".
You have advised that according to a police jury audit of its funds, the police jury had, as of February 2001, a balance of $301,072 in the Natchitoches Parish Ambulance Tax Fund, which fund consists of the proceeds of the ambulance service tax. You further advised that in spite of a request from the Hospital Service District for reimbursement of documented expenditures in the amount of $300,617. 05, the Police Jury has refused to release funds held in the tax fund to the District.
In accordance with a resolution of the Hospital Service District, you have requested that this office address the following questions:
 1. "Does the Natchitoches Parish Police Jury have any authority to withhold property tax funds collected "for the purpose of paying part of the cost of operation and maintenance of an ambulance service operated by the Natchitoches Parish Hospital from the Natchitoches Parish?
 2. "Assuming that the Police Jury has no such authority to withhold the funds, what remedies are available to the Natchitoches Parish Hospital to pursue the release of the funds for the stated purpose?"
This office has long been of the opinion that ad valorem tax proceeds must be used in the manner set forth in the proposition approved by the electorate. Attorney General's Opinion Nos. 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that La.R.S. 39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v. Richland ParishSchool Board, 76 So. 585 (La. 1917); Watkins v. Ouachita Parish SchoolBoard, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board,277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James ParishCouncil, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. InHemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed this is especially true of laws authorizing special taxes."
It is with these principles in mind that we address your questions.
In response to your first question, it is the opinion of this office that any revenues generated by the tax proposition quoted above must be utilized for, and must only be utilized for, the purpose for which the voters approved the taxes. In this case, as previously noted the taxes are being levied for the purpose of " paying part of the cost ofoperation and maintenance of an ambulance service operated by Natchitoches Parish Hospital". (Emphasis supplied).
In our opinion, in accordance with the will of the electorate as set forth in the proposition approved thereby, the Natchitoches Parish Police Jury should allow and authorize the use of the collected tax revenues for payment of sufficiently documented costs of operation and maintenance of the ambulance service, as set forth in the proposition. Once collected, the proceeds must used as if in trust, as set forth in LSA-R.S. 39:704.
We are compelled to note, however, as the undersigned discussed with you by phone, that at least some of the expenses for which the Hospital Service District seeks funding from the tax proceeds are described by the District itself as "capital costs". (See letter dated February 2, 2001 from John W. Luster to John Salter, and Summary of Unfunded Cost attached thereto, both of which are attached hereto and made a part hereof.) In our opinion, the proposition in question only authorizes the use of the tax proceeds in question for operation and maintenance of the ambulance service. We do not consider the proposition to authorize expenditures that are capital in nature. (In accord: Attorney General's Opinion No. 00-20).
Being unfamiliar with the operation of ambulance services and the equipment necessary to operate same, we are not in a position to determine whether the items referred to as capital costs in Mr. Luster's letter were properly classified as such by Mr. Luster and the District. In this regard, we must defer to the Hospital Service District and the Police Jury's determination regarding whether or not particular types of equipment and materials are or are not in the nature of capital outlay or capital improvements.
In response to your second question, our research did not reveal any provision of law that provides a specific remedy to an entity such as the Natchitoches Parish Hospital, which believes it is entitled to receive tax proceeds collected by a parish governing authority. If the Hospital Service District wishes to pursue release of the tax proceeds in question, it could, as we discussed by phone, do so by seeking a writ of mandamus.
We trust the foregoing to be of assistance. We hope that you will not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Enclosure
Date Released: May 9, 2002
February 2, 2001
Mr. John Salter President Natchitoches Parish Police Jury 200 Church Street Natchitoches, LA 71457
RE: Summary of Unfunded Costs — Natchitoches Parish Ambulance Tax Fund Dear Mr. Salter:
According to Exhibit "E-2" of the Police Jury audit conducted during the year 2000, the balance of said fund is $301,072.00. Reference is also made to the Natchitoches Parish Hospital Ambulance Service — Summary of Unfunded Costs also attached hereto. As you can see there are two categories. The first is for capital costs not reimbursed by the ambulance fund previously, and the second is the amount of the operational loss thus far during the fiscal year of the Natchitoches Parish Hospital. The total sum requested is $300,617.05. Please considar this as an official request to release these funds. To aid you in your decision, I enclose copies of letters from prior years from Mr. Spillman to the Police Jury in which both capital costs and operating losses were reimbursed.
Many thanks for your assistance in this matter.
Yours truly,
John W. Luster
JWL/elt Enclosures
cc: Mr. Mark E. Marley Mr. Henry C. Gahagan Mr. George Celles, Finance Committee Chairman Ms. Catherine Hamilton
 EXHIBIT B
 Natchitoches Parish Hospital — Ambulance Services Summary of Unfunded Cost
Capital Cost: Automatic Blood Pressure Monitor $2,350.00 IV Infusion Pump $6,747.30 Ambulance Type II — 1993 $7,000.00 MX Pro Ambulance Stretcher $2,754.50 Ambulance Type III — 2000 $58,500.00 Lifepak 12 Defib — Heart Monitor $14,940.71 Automatic Blood Pressure Monitor $2,497.00 Styker 6091 Ambulance Cot $2,881.50 RiverBirch 3BR Trailer $23,500.00 Ambulance E-350 Ford $15,000.00 Ambulance Eagle — 2000 $92,193.04
Capital Total $228,364.05
Operational Loss: July — December 2000 $72,253.00
Total Requested Funds $300,617.05