(76 South. 585)

No. 22536.

HEMLER v. RICHLAND PARISH SCHOOL BOARD.

(June 30, 1917.   Rehearing Denied Oct. 29, 1917.)

*(Syllabus by Editorial Staff.)*

1. SCHOOLS AND SCHOOL DISTRICTS ⊜111—TAXPAYERS' ACTIONS—BURDEN OF PROOF.

In a suit by a taxpayer to annul an election held in a ward by the school board of the parish on the question of levying a special tax and issuing bonds, defendant had the burden of showing that the territory of the ward had been made a school district, as might have been done under Act No. 214 of 1912, § 13, authorizing school boards to divide the parish into school districts and fix the limits of such districts, and the court could not presume that this had been done.

2. SCHOOLS AND SCHOOL DISTRICTS ⊜97(1)—ISSUANCE OF BONDS—STATUTORY PROVISIONS—"SCHOOL DISTRICT."

Under Const. art. 281, authorizing municipal corporations, parishes, school districts, etc., when authorized by a vote of the taxpayers to incur debts and issue bonds therefor, Act No. 256 of 1910, so far as it authorizes the issuance of bonds by wards, is unconstitutional, since while the term "district" is broad enough to include a ward in the sense that the limits of a school district may be as extensive as those of a ward, a police jury or justice of the peace or municipal ward is not a "school district" unless its territory has been made a school district.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, School District.]

3. SCHOOLS AND SCHOOL DISTRICTS ⊜108(1)—SPECIAL TAXES—PURPOSES.

The levy of a special tax by a school district for the purpose of providing an agricultural farm for a public school is not authorized by Const. art. 281, authorizing the issuance of bonds for the purpose of purchasing and constructing public parks and buildings, together with all necessary equipment and furnishing, bridges and other works of public improvement.

4. SCHOOLS AND SCHOOL DISTRICTS ⊜108(1)—SPECIAL TAXES—PURPOSES—"PRINCIPLES."

The levy of a special tax by a school district for the purpose of providing an agricultural farm is not authorized by Const. art. 232, authorizing the levy of a special tax for the purpose of giving additional support to public schools, though Act No. 306 of 1910 requires the principles of agriculture to be taught in the public schools, as the "principles" to which this act refers is not the practical part of such science, but its theoretical part as contained in school books, especially as any other construction would authorize the establishment and operation of a farm for instruction in horticulture, or a model home for instruction in home economy or a zoo for instruction in zoology.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Suit by J. A. Hemler against the Richland Parish School Board. From a judgment for defendant, plaintiff appeals. Judgment set aside, and judgment ordered granting an injunction as prayed.

George Wesley Smith, of Rayville, for appellant. C. J. Ellis, Jr., Dist. Atty., of Rayville, for appellee.

PROVOSTY, J. The plaintiff, in his capacity of taxpayer and voter of the Second ward of the parish of Richland, brings this suit to annul an election held in said ward by the school board of said parish to take the sense of the property taxpayers of the ward on the proposition of levying a special tax and issuing bonds for the purpose of erecting and equipping a high school building and purchasing a suitable tract of land for an agricultural farm, for the public school of the said ward.

The grounds of nullity relied on are: First, alleged irregularities in the proceedings for holding the election; secondly, that Act 256, p. 426, of 1910, under the provisions of which the said bonds are proposed to be issued, is unconstitutional in so far as it authorizes the issuance of bonds by a ward; and, thirdly, that no law authorizes the levying of a tax or the issuance of bonds for purchasing land for an agricultural farm for a school.

As we have concluded to sustain the latter grounds, it is unnecessary that we should consider the first.

It has been held that the public bodies, or political subdivisions, of the state can issue

bonds, and the Legislature has power to authorize them to do so only in so far as expressly authorized by the Constitution. Folse v. Police Jury, 128 La. 1080, 55 South. 681. Defendant does not question the soundness of this doctrine, and does not contend that among the political subdivisions that are expressly named in the Constitution as authorized to issue bonds mention is made of wards, but contends that school districts are so named' by article 281, as found in the Constitution of 1913, and that the term "district" is broad enough to include a ward; and that, moreover, the court will presume that the said ward is a school district since the school board had the power to make it so.

[1, 2] The Second ward of the parish of Richland, in question, is the second police jury ward of that parish. Under section 13 of Act 214, p. 464, of 1912, the school board had authority to divide the parish into school districts, and to fix the limits of the districts as in its discretion it might deem best, and therefore it might have made a school district of the territory of this second police jury ward, but there is neither allegation nor evidence of its having ever done so. And if it had been ever done, the burden was on defendant, we think, to show it. For in that manner alone could the issue tendered in plaintiff's petition as to whether a ward was authorized to issue bonds be met. A litigant must plead, or at any rate prove, the facts necessary to his defense, and not ask the court to presume their existence. In the brief of plaintiff's counsel the statement is made that as a matter of fact the territory of this ward 2 has never been made into a school district. The term "district" is broad enough to include a ward, in the sense that the limits of a school district may be as extensive as those of a ward; but a police jury, or justice of the peace, or municipal, ward, cannot possibly be brought within the meaning of the term "school district"; and the latter term is the one used in article 281 of the Constitution in authorizing the issuance of bonds. A case analogous to the present is Regard v. Police Jury, 117 La. 952, 42 South. 438, where the attempt was made to vote a school tax in an election precinct without the territory of the precinct having ever been made a school district. Another analogous case is Daigle v. Opelousas R. R., 124 La. 1047, 50 South. 846, where the word "ward" as used in the Constitution was held to mean police jury ward, and not justice of the peace ward, so that a tax election held in a justice of the peace ward was held to be null.

We note, in passing, that the term "ward" is never used in our law to denote a school district; and that, moreover, it has a well-accepted meaning as denoting an entirely different kind of subdivision, as, for instance, a police jury, or justice of the peace, or municipal, ward. No one would understand that by Second ward of the parish of Richland was meant the second school district of that parish; but every one, until advised to the contrary, would understand that what was meant was the second police jury ward, or, if not that, then, the second justice of the peace ward.

[3] On the point whether a special tax may be levied for providing an agricultural farm for a public school we have no great hesitancy in arriving at a conclusion. It is familiar principle that laws authorizing taxation, or, in other words, authorizing a debt to be created against the taxpayer, or his property to be taken, without his consent, are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied. Now, the providing of an agri-

cultural farm for a public school is not mentioned among the purposes for which the articles of the Constitution under which the tax in this case is sought to be levied (articles 232 and 281) authorize a tax to be levied. Among the purposes named in said articles is that of "purchasing and constructing * * * public parks and buildings, together with all necessary equipment and furnishing, bridges and other works of public improvement," and defendant's learned counsel finds that the purpose thus named includes that of providing an agricultural farm for a public school. The contention hardly appears to us to be serious.

[4] More plausibly counsel argues that a special tax is authorized by article 232, "for giving additional support to public schools" (article 232), and that inasmuch as the principles of agriculture are required by law (Act 306, p. 523, of 1910) to be taught in the public schools, and inasmuch as a farm for practical instruction and demonstration is necessary for teaching agriculture, just as much so as a laboratory is for teaching chemistry, the said authority to aid the schools includes authority to provide a farm.

At first blush this argument appears to be strong, if not conclusive; but upon consideration it is found to be misleading, and to have the fatal defect of proving too much. For if authority to teach the principles of agriculture carried with it authority to establish and operate an agricultural farm, by the same token the authority which is given in the said same act 306 of 1910 to teach "horticulture and home and farm economy" would carry with it authority to establish and operate a farm for instruction in horticulture and a model home for instruction in home economy. Nay, zoology is taught in the high school, and therefore a zoo might be provided and maintained. The time may come when these extensions will be included in our public school system, but it has not yet arrived. Thus far, the "principles" which the said Act 306 of 1910 has reference to is not the practical part of those sciences, or those sciences applied, but only the theoretical part as contained in the school books. Such, at any rate, is the conclusion which must be adopted under a strict construction of said authority to tax "for giving additional support to public schools." The public schools thus referred to must be understood to be the public schools as heretofore organized and operated, and not schools on the grand scale which would include agricultural and horticultural farms, model homes, zoos, etc.

It is therefore ordered, adjudged, and decreed that the judgment herein be set aside, and that there now be judgment ordering the injunction asked for herein to issue as prayed, and making the said injunction perpetual, and that defendant pay the costs of this suit.

O'NIELL, J., concurs in the decree only on the ground that a police jury ward has no authority to issue negotiable bonds or to levy a special tax. LECHE, J., takes no part.