Dear Representative Hill:
You requested the opinion of this office as to the permissible purposes of the proceeds of two 1% sales taxes of the Beauregard Parish School Board (the "School Board"), one approved in 1966, the other in 1990. Specifically, you ask whether the proceeds can legally be used just for teachers salaries or can the proceeds be used to supplement teachers salaries as well as other employees of the School Board.
The 1966 sales tax proposition provides in pertinent part, as follows:
 ". . . with the proceeds of the tax to be used exclusively to supplement other revenues available to the Beauregard Parish School Board for the payment of salaries of teachers in the public elementary and secondary schools of said Parish and for the expenses of operating said schools, such operating expenses to include payment of salaries of other personnel employed by the Parish School Board in addition to teachers, but to exclude expenditures for capital improvements and purchases of automotive equipment?" (Emphasis added)
The 1990 sales tax proposition provides in pertinent part, as follows:
 ". . . with the avails or proceeds of said Tax (after paying reasonable and necessary costs and expenses of collecting and administering the Tax) to be used for the purpose of supplementing the salaries of teachers and other school employees and providing benefits for teachers, other school employees and retirees? (Emphasis added)
R.S. 33:2721.6(D)(5) provides with regards to sales taxes, in pertinent part, the following:
 "(5) The proceeds of the tax shall be dedicated solely for the purposes approved by the electorate . . . ."
Furthermore, R.S. 39:704 states, in pertinent part:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
It has been consistently held by this office and the jurisprudence of this state that the scope of the authority for the expenditure of sales tax revenues is concomitant to the consent of the electorate. Accordingly, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the tax. Police Juryof the Parish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3d Cir. 3/29/95), 653 So.2d 94, rehearing denied; Attorney General Opinion Nos. 94-540, 94-346, 93-424, 93-47 and 92-50.
In Police Jury of the Parish ofAcadia, cited supra, the issue before the Court was whether the language in a sales tax proposition which dedicated the proceeds of the tax "for the purpose of paying the costs of constructing, acquiring, improving, maintaining and operating solid waste collection and disposal facilities for the District" was broad enough to enable the Parish to import out-of-parish waste to the Parish landfill. The Court held that, while the tax proposition was silent regarding whether out-of-parish waste can be disposed of at the landfill, it, nevertheless, did not constitute affirmative authority for such activity. In so holding, the Court stated:
 "Spending pursuant to a special tax is governed by La. R.S. 39:704, which provides, in pertinent part, that `The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied.' [Emphasis Added.] Further, under the well-established jurisprudence of this state, special taxes are strictly construed. Hemler v. Richland Parish School Board, 142 La. 133, 76 So. 585
(1917). . . In Hemler, 76 So. at 587,
the Supreme Court specifically held that:
 `It is [a] familiar principal that laws authorizing taxation . . . are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied.'
Based upon the foregoing and the underlined language in the two tax propositions quoted above, it is the opinion of this office that the proceeds of both sales taxes can be used to supplement teachers salaries as well as to pay the salaries of non-teacher personnel of the School Board.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/
DATE RECEIVED: 5/23/96 DATE RELEASED: June 11, 1996
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL