Dear Mr. Ortego:
You have requested an opinion of the Attorney General, in your capacity as legal counsel for the Evangeline Parish Solid Waste Commission (Commission), relative to the proper use of a one percent (1%) sales tax approved by the electorate and dedicated for the operation of solid waste collection and disposal facilities by the Evangeline Parish Solid Waste Disposal sales tax district (District). You state that the Evangeline Parish Police Jury (Police Jury) has proposed to use these tax revenues for road repairs, maintenance and/or capital improvements to parish roads. The Police Jury has expressed its intent to rededicate the use of the proceeds for parish roads by a simple majority without legislative approval or a vote of the electorate. You specifically ask whether this is legally permissible.
The tax proposition in question provides, in pertinent part, the following:
 "Shall the Evangeline Parish Solid Waste Disposal Sales Tax District . . . be authorized to levy and collect a tax of one percent (1%) . . . upon the sale at retail . . . of tangible personal property . . . to be dedicated and used by the Commission solely for the purpose of paying the cost of constructing, acquiring, improving, maintaining and operating solid waste collection and disposal facilities for the District, including the payment of the cost of closing garbage dumps now owned or operated by the Parish of Evangeline and the various municipalities within the District . . .?"
The Commission was created pursuant to Act No. 710 of the 1984 Regular Session of the Louisiana Legislature. Section 6 of the Act provides as follows:
 "Section 6. District as a political subdivision: Incurring debt; Election imposing taxes; authority. The district is hereby declared to be a political subdivision of the state. For carrying out the purposes of this Act, the district, under the provisions of the Louisiana Constitution of 1974, shall have the power of taxation and the power to incur debt and issue bonds and to call an election for the purpose of imposing any authorized taxes or incurring debt, provided that the district shall not impose any tax-increasing measures until the Evangeline Parish Police Jury has approved the calling of an election for that purpose and until the qualified electors of the district have approved the additional taxes."
It is pursuant to this authority that the tax in question was proposed and adopted by the electorate.
In answer to your question, we refer you to R.S. 39:704 which provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used." [Emphasis added.]
As can be gleaned from the above, the scope of the authority for the use of the tax proceeds is concomitant to the consent of the electorate. Accordingly, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the tax.
In the case of Save Acadia's Water, Inc., et al. v. Acadia ParishPolice Jury, et al., 653 So.2d 94 (La.App. 3rd Cir. 1995) writ denied, the Court observed, with regard to statutory and jurisprudental guidelines for the interpretation of tax propositions, as follows:
 "Spending, pursuant to a special tax is governed by R.S. 39:704 . . . . Further, under the well established jurisprudence of this state, special taxes are strictly construed. Hemler v. Richland Parish School Board, 142 La. 133, 76 So. 585
(1917). . . . In Hemler at 587, the supreme court specifically held that:
 `It is [a] familiar principle that laws authorizing taxation . . . are in derogation of common right, and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose, the tax may not be levied.'"
We find these guidelines to be particularly relevant to the issue at hand. As previously noted, the tax proposition stipulates that the tax is dedicated and used solely for the purpose of "paying the cost of constructing, acquiring, improving, maintaining and operating solid waste collection and disposal facilities for the district, including the payment of the cost of closing garbage dumps now owned or operated by the Parish of Evangeline and the various municipalities within the District". Use of these proceeds for the repair, maintenance and construction of Parish roads is not among the enumerated purposes for which the sales tax was levied.
We are of the opinion that a clear distinction exists between the construction, maintenance and operation of a solid waste collection and disposal facility, and the repair, maintenance and construction of parish roads. In accord is Attorney General Opinion No. 94-103.
Accordingly, it is the opinion of this office that the tax proceeds may not be used for the purpose of road repair and construction.
It should be noted that the Commission could request the voters to rededicate the proceeds of the tax so as to include road maintenance and construction. However, a rededication election would have to be approved by the State Bond Commission. See R.S.39:1410.61. Further, Act 710 of 1984 would have to be amended to legislatively authorize and empower the Commission to expend the proceeds for this purpose. In accord is Attorney General Opinion No. 93-47.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob, III/cla