Dear Mr. Burson:
You have requested an opinion of the Attorney General regarding the proper use of the proceeds of a special ad valorem tax of 2.37 mills by the parish of St. Landry (the "Parish"). The tax proposition approved by the electorate dedicates the monies for the specific purpose of maintaining and operating the public health unit in the Parish. You specifically ask whether these proceeds may be used for the purpose of clearing abandoned municipal lots that have overgrown with weeds and brush. You state that these municipal properties have become infested with vermin, and, consequently, health hazards.
In answer to your question, I refer you to R.S. 39:704 which provides:
 "The proceeds of any special tax shall constitute a trustfund to be exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
In accordance with the provisions of this statute, it has been consistently held by this office that proceeds of a special tax must be used solely for the purpose(s) set out in the proposition approved by the voters. The proposition states that the tax will be used for the purposes of maintaining and operating the public health units in the Parish.
Since the scope of the authority for the expenditure of millage revenues is concomitant to the consent of the electorate, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the special millage. While the eradication of vermin in overgrown municipal properties is beneficial to the citizens of the Parish, the use of the ad valorem tax revenues in question granted by the electorate for the maintenance and operation of public health units in the Parish would not appear to extend to the maintenance of municipal properties.
We find support for this opinion in Police Jury of the Parish ofAcadia v. All Tax Payers, et al., and Save Acadia's Water, Inc.,et al., 653 So.2d 94 (La.App. 3rd Cir. 3/29/95), rehearing denied. Therein, the Court, referring to Attorney General Opinion No. 94-346 concluded:
 "Spending pursuant to a special tax is governed by La. R.S. 39:704, which provides, in pertinent part, that:
 `The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied.'
 Further, under the well established jurisprudence of this state, special taxes are strictly construed . . . . In Hemler, 76 So. at 587, the supreme court specifically held that:
 `It is [a] familiar principle that laws authorizing taxation . . . are in derogation of common rights, and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied.'"
Under the strict construction of the tax proposals mandated byHemler v. Richland Parish School Board, 142 La. 133, 76 So. 585
(1917), and R.S. 39:704, we are constrained to hold that the electorate gave the Parish the specific authority to utilize the tax revenues in question for the maintenance and operation of its health units, not the maintenance of municipal properties.
The above conclusion would not pretermit the Parish from exploring the possibility of a cooperative endeavor between it and the municipalities in question under the provisions of R.S.33:1321, et seq. and Article VII, Section 14 (C). In the event the Parish desires to confect such an agreement, extreme care should be taken to follow the provisions relating to intergovernmental functions so that the agreement does not violate Article VII, Section 14. Of course, the tax proceeds in question could not be used as a source of funding.
I am enclosing copies of Attorney General Opinion Nos. 94-346 and 94-252 which is of further relevance to your inquiry.
Should you have any questions concerning this matter, please do not hesitate to contact me. With kindest personal regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob III/cla