Dear Mr. Walters:
You have requested an opinion of the Attorney General on behalf of the LaSalle Parish Police Jury (Police Jury) regarding the use of revenues generated from an ad valorem tax for the purpose of financing the cost incidental to the replacement of a roof on the parish library.
You state that the library building is in desperate need of repairs and the Police Jury has agreed to assist the library board in the replacement of the roof. You have furnished us with a copy of the tax proposition at issue which reads:
 "Shall the Parish of LaSalle re-levy a special tax of 8.00 mills on the dollar of the assessed valuation of all property subject to taxation within said Parish for a period of ten (10) years, beginning with the year 1995 and ending with the year 2,004, inclusive, for the purpose of improving, maintaining, and operating the courthouse in and for said Parish, title to which shall be in the public." [Emphasis added.]
We find the following constitutional and statutory provisions to be relevant to this issue:
 "Art. VI, § 32. Special Tax; authorization
 Section 32. For the purpose of acquiring, constructing, improving, maintaining, or operating any work of public improvement, a political subdivision may levy special taxes when authorized by a majority of the electors in the political subdivision who vote thereon in an election held for that purpose.
 R.S. 39:704. Proceeds of special tax
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
It is well established that the scope of the authority for the expenditure of millage revenues is concomitant to the consent of the electorate. The ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the millage. Further, our courts have uniformly held that special taxes must be strictly construed.Police Jury of the Parish of Acadia v. All Taxpayers, et al.,653 So.2d 94 (La.App. 3rd Cir. 1995), writ denied; and Hemlerv. Richland Parish School Board, 142 La. 133, 76 So. 585 (1917). In Hemler, our Supreme Court specifically held that:
 "It is [a] familiar principle that laws authorizing taxation . . . are in derogation of common rights, and therefore, to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
As previously noted, the tax proposition placed before the constituents of the Parish dedicate the tax revenues for ". . . the purpose of improving, maintaining, and operating the courthouse in and for said Parish. . . ." We believe that this language is not broad enough to include the replacement of the roof on the Parish library building.
While we conclude that the subject tax revenues may not be used for the replacement of the roof, in question, the Police Jury could request the voters to rededicate the proceeds of the tax so as to include same. A rededication election would have to be approved by the State Bond Commission as per R.S. 39:1410.61. In accord is Attorney General Opinion No. 96-494.
Further, our conclusion would not prohibit the Police Jury from utilizing another funding source for these repairs — a source that is not otherwise dedicated.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:__________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla