Dear Mr. Martin:
On behalf of the Board of Commissioners of Drainage District No. 1 of Lafourche Parish (the "District"), you have requested our opinion regarding the use of the proceeds of a .91 mill ad valorem tax currently being levied by the District. The proposition approved by the District's voters provides that the tax is levied "for the purpose of operating and maintaining drainage works within and for the District". Specifically, this office has been asked to address three questions, which pertain to whether or not particular uses of the tax proceeds are authorized by the proposition.
 1. "Can the funds produced by this millage (.91) be used for the purpose of purchasing equipment, such as, but not limited to excavators, vehicles, ditch cleaning machines and other capitol outlay to maintain such drainage?"
 2. "Can these funds be used for constructing levees and canals, roads leading to pump stations and other such projects?"
 3. "Can these funds be used to purchase culverts, catch basins and other such materials needed to maintain said drainage?"
This office has long been of the opinion that ad valorem tax proceeds can only be used in the manner set forth in the proposition approved by the electorate. Attorney General's Opinion Nos. 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that RS 39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v.Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock V. St. James Parish Council, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed this is especially true of laws authorizing special taxes."
It is with these principles in mind that we address your questions.
In response to your first and third questions, it is the opinion of this office that the language of the proposition approved by the voters authorizes use of the tax proceeds for acquisitions of equipment and material that will be utilized for the maintenance and operation of drainage works. In our opinion, the words "for the purpose of maintaining and operating" must, of necessity, be deemed to include the acquisition of items that are essential to the performance of maintenance and operation. We do not believe, however, that the words "Maintaining and operating" can be considered as authorizing expenditures that are capital in nature. Being unfamiliar with excavators, ditch cleaning machines, catch basins and the like, we must defer to the District's determination regarding whether or not particular types of equipment and materials are or are not in the nature of capital outlay or capital improvements.
In response to your third question, it is our opinion that the above quoted proposition does not contemplate use of the millage proceeds for construction of any sort; certainly, therefore, it does not contemplate construction of levees, canals or roads, even if those improvements provide access to drainage works. Respectfully, our response to your third question is in the negative. Please be advised, however, that the District could ask its voters to rededicate the tax proceeds for the purpose of construction of levees, canals and roads at a future election. Please note that a rededication election would have to be approved by the State Bond Commission in accordance with La. R.S.39:1410.61.
We trust the foregoing to be of assistance. We hope that you will not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/sam