Dear Mr. Young:
On behalf of the Morehouse Parish Police Jury and the Ward Two Cemetery Board, you are requesting the approval of this office as to whether the Cemetery Board may purchase additional property to be used to increase the size of the cemetery, with the monies collected from the following described tax propositions.
The first tax proposition was approved by the voters on October 3, 1998, and provides for a two mill tax in Ward Two "for themaintenance and upkeep of public cemeteries in Ward Two". (Emphasis added) The second proposition approved October 19, 1991, authorizes the levy of a .98 mills in Ward Two for the purpose of "providing and maintaining streets, aisles, outside fences, drainage and buildings that may be necessary for the use of the sexton or caretaker and for providing for the employment of a sexton or caretaker and for cutting of grass and planting and care of trees and shrubbery and flowers in any cemetery in Ward Two. . ." (Emphasis added)
This office has long been of the opinion that ad valorem tax proceeds can only be used in the manner set forth in the proposition approved by the electorate. Atty.Gen.Op. Nos. 00-20, 98_369, 98_287, 97_434, 96_494, 88_601 and 74_984. We note that Article VI, Section 26(A) and (B) of the Louisiana Constitution of 1974 provides in pertinent part as follows:
 (A) Parish Tax for General Purposes; Millage Limits; Increase. The governing authority of a parish may levy annually an ad valorem tax for general purposes . . .
 (B) Millage Increase Not for General Purposes. When the millage increase is for other than general purposes, the proposition shall state the specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in effect. All proceeds of the tax shall be used solely for the purpose or purposes set forth in the proposition. (Emphasis Added)
R.S. 39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v.Monroe City School Board, 270 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed. . . this is especially true of laws authorizing special taxes."
It is with these principles in mind that we address your question.
It is the opinion of this office that the language of both of the propositions approved by the voters authorize use of the tax proceeds for maintenance and upkeep of the cemeteries in Ward Two, which would include the acquisition of items that are essential to the performance of maintenance and operation. We do not believe, however, that the words "maintenance and upkeep" or "providing and maintaining" can be considered as authorizing expenditures that are capital in nature. Op.Atty.Gen. 00-20. See also, Op.Atty.Gen. Nos. 89-235 and 80-1294, where this office found that the authorization to maintain and operate public health units in the Parish did not include the authorization to expend funds for the acquisition of immovable property and buildings. The propositions in question make no mention of using the funds to acquire property. Therefore, we are of the opinion that the proceeds of both of the two taxes may not be used to purchase land to expand the cemeteries in Ward Two.
Please be advised, however, that the voters could be asked to rededicate the tax proceeds to allow for the acquisition of property; however, a rededication election would have to be approved by the State Bond Commission in accordance with La.R.S.39:1410.61.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH