Dear Mr. Ratcliff:
We received your request for an opinion regarding funding of the Livingston Parish Mosquito Abatement District. You inquire as to the legality of placing a surcharge or assessment on the electric bills of residents in the District to fund the mosquito abatement program.
Louisiana Revised Statute 33:7721-7728 contains the statutory authority for Mosquito Abatement Districts. Louisiana Revised Statute 33:7726 (A) states:
 A mosquito abatement district created under the provisions of this Chapter may levy and collect special taxes, including monthly service charges to customers of waterworks districts within the mosquito control district, to finance its programs. It may use legal, proper, necessary, and expedient means to collect and enforce the collection of such taxes, including the contracting with a waterworks district located within the same parish to collect a monthly service charge for mosquito control.
In a recent conversation, you stated that many residents have private water wells and are not customers of a waterworks district. You asked if it is possible to place an assessment of $2.00 per household on electricity bills.
The above cited provisions of Louisiana Revised Statute 33:7726 (A) do not include provisions for placing a service charge on utilities other than waterworks districts. "It is [a] familiar principle that laws authorizing taxation are in derogation of common rights; and therefore to be strictly construed." Hemler v. Richland Parish School Board,142 La. 133, 76 So. 585 (1917). As Livingston Parish residents are not customers of a parish-wide waterworks district, the parish could not reasonably finance its abatement program through the provision regarding service charges placed on "customers of waterworks districts." However, the above cited statute does grant authority to the District to levy a special tax and to use "legal, proper, necessary and expedient means" to collect the tax.
Attorney General Opinion 91-116 states:
 In considering whether or not a parcel fee imposed by the City of New Orleans on parcels of property was an ad valorem tax or a special tax, the court resorted to Black's Law Dictionary, 3rd Edition for the definition of an ad valorem tax . . . .
 Ad valorem means "according to value". Duties are either ad valorem or specific; the former when the duty is laid in the form of a percentage on the value of the property; the latter where it is imposed as a fixed sum on each article of a class without regard to its value." ACORN v. City of New Orleans, 377 So.2d 1206).
 Black's Law Dictionary (7th ed. 1999) defines the term "special tax" as a tax levied for a unique purpose. In the present inquiry, the fixed fee of $2.00 per household would be a special tax authorized by La.R.S. 33:7726
(A). As it is for a fixed amount, it is a specific tax also.
Next, you inquire if a tax assessment would require a vote by the people of the District.
Louisiana Constitution, Article VI, Section 30 states:
 A. A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature. This section shall not affect similar grants to political subdivisions under self-operative sections of this constitution.
 B. Notwithstanding the provisions of Paragraph (A) of this section, or any other provision of law to the contrary, no political subdivision shall submit the same tax proposition, or a new tax proposition that includes such a tax proposition, to the electorate more than once within a six month period except in the case of an emergency as determined by the governing authority of the political subdivision.
A tax must be presented to and approved by the voters. Further, the Mosquito Abatement District of Livingston Parish is a political subdivision of the State of Louisiana (Louisiana Revised Statute 33:7721).
 For the purpose of acquiring, constructing, improving, maintaining, or operating any work of public improvement, a political subdivision may levy special taxes when authorized by a majority of the electors in the political subdivision who vote thereon in an election held for that purpose. La. Const. Art. VI, Sec. 32
Finally, you ask if the Public Service Commission has a role in the approval or administration of a surcharge or assessment placed on electric bills of the residents of Livingston Parish for mosquito abatement. Public utilities are regulated by the Public Service Commission, and you would need to contact the Commission regarding any procedural issues.
In conclusion, it is legal for a Mosquito Abatement District to levy a special tax and to use legal, proper, necessary and expedient means to collect such taxes. In this case, Livingston Parish has statutory authority to levy the $2.00 per household special tax and to use legal, proper, necessary and expedient means to collect the tax.
If you need additional information, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: September 10, 2002