| PETTIGREW, J.,
dissenting.
I must respectfully dissent from the majority’s opinion. I would reverse the judgment of the trial court. It is my humble opinion that previously dedicated tax revenues of the school board, parish, and sheriffs office are specifically excluded from use in this project. See La. R.S. 33:9038.4 A(5) and (6).
When the school board and other government entities presented tax revenue issues to the electorate of Livingston Parish, all the revenues, both present and future, were dedicated for a specific purpose. There was no reservation that some part of the future revenues or “sales tax increments” might be used for other purposes.
Pursuant to La. R.S. 33:2714, “The ordinance imposing said tax and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes.” (Emphasis added.) See also La. R.S. 39:704; Watkins v. Ouachita Parish School Bd., 173 La. 259, 136 So. 591 (1931); Hemler v. Richland Parish School Bd., 142 La. 133, 76 So. 585 (1917).
The majority’s opinion runs contrary to ninety years of established jurisprudence. It is my humble concern that with this opinion, all previously dedicated tax revenue issues are no longer dedicated. The dedicated public coffers are now unlocked, | ^unguarded, and subject to every economic development scheme that comes down the pike. I further adopt as additional reasons for my dissent the well reasoned and logical appellate brief of the appellant in this case, as if copied in its entirety.