Dear Mr. Mitchell:
Reference is made to your recent request for the opinion of Attorney General Charles C. Foti, Jr. regarding the propriety of certain contemplated uses of the proceeds of a 3.75 mill ad valorem tax (the "Tax") currently being levied by Ouachita Parish in connection with the operation of the Green Oaks Juvenile Detention Center. You have provided us with a copy of the proposition authorizing the levy of the Tax, which was approved by the voters of Ouachita Parish in 1996 along with another tax dedicated to the acquisition, financing and construction of the juvenile detention center. The proposition provides that the Tax is dedicated to "improving, maintaining, and operating andequipping the Ouachita Parish juvenile detention center".
In accordance with your letter, you seek an Attorney General's opinion as to whether or not the Tax can be utilized to fund two additions to the Green Oaks Juvenile Detention Center, which additions would expand services currently being offered at the facility. One proposal is for the construction of an additional female detention wing to provide housing for up to an additional eight (8) female juvenile detainees, the second is for the construction of an additional juvenile court administrative wing to house offices for juvenile probation and other juvenile justice services.
This office has long been of the opinion that ad valorem tax proceeds can only be used in the manner set forth in the proposition approved by the electorate. Attorney General'sOpinion Nos. 00-20; 99-193; 98-369, 98-287, 97-434, 96-494, 88-601and 74-984. We note that LSA- R.S. 39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v.Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock V. St. James Parish Council, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed this is especially true of laws authorizing special taxes."
We also note, as you did, that previous opinions of this office have determined that since the scope of authority for the expenditure of an ad valorem tax is concomitant to the consent of the electorate, the ordinary sense of the words utilized in the proposition approving the tax is dispositive of the meaning of those words. Attorney General's Opinions Nos. 95-491; 89-613. In accord: Attorney General's Opinion No. 03-0459.
Merriam-Webster Dictionary at www.m-w.com, provides that the term "improve", is defined to mean "to enhance in value or quality: to make better"; to increase the value of (land or property) by making it more useful for humans (as by cultivation or the erection of buildings). Additionally, the word improve is defined to mean "to make useful additions or amendments". Based upon these definitions, it is our opinion that the word "improving", as utilized in the phrase "for the purpose of improving, maintaining, and operating and equipping the Ouachita Parish juvenile detention center" authorizes the use of the proceeds of the Tax for `improvement' of the juvenile detention facility, including the construction of useful and necessary additions thereto, which serve to expand and `improve' the services and facilities currently being provided at the facility.
Accordingly, assuming the Parish has determined that the proposed additions will `improve' the juvenile detention center, it is our opinion that the proceeds of the Tax can be used for construction of an additional female detention wing to provide housing for up to an additional eight (8) female juvenile detainees, and for construction of an additional juvenile court administrative wing to house offices for juvenile probation and other juvenile justice services.
We note that the Tax in question expires in 2005, and will presumably be placed before the voters for renewal or continuation in the near future. If the Parish would prefer not to rely solely on the opinion of this office with respect to the use of the proceeds of the Tax, the Parish may wish to seek a rededication of the Tax in lieu of, or in conjunction with, the renewal or continuation of the Tax.
We trust the foregoing to be of assistance. We hope that you will not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
BY: ________________________________
JEANNE-MARIE ZERINGUE BARHAM
CCF, jr./JMZB/dam