Dear Mayor Rideau:
Reference is made to your recent request for an Attorney General's opinion, as follows:
 "May the Baker City School Board, by authority of an election of the qualified electors of the City of Baker, called for that purpose, transfer a portion of its constitutionally granted authority to levy ad valorem taxes as provided in Louisiana Constitution Article 8, Section 13(C) to the City of Baker, and have the City of Baker pay to the Baker City School Board the amount currently being collected by the Baker City School Board under the above granted authority (approximately one-half of the amounts collected by the City of Baker under the proposed arrangement), as per agreement of the City of Baker and the Baker City School Board?"
According to your correspondence, an arrangement such as that described in your question would assist the City of Baker in its efforts to shift the primary source of its revenue from a sales tax based revenue stream to a property tax based stream of revenue.[1]
Pertinently, La. Const. Art. VIII, Sec. 13(C) provides as follows:
 "Local Funds. Local funds for the support of elementary and secondary schools shall be derived from the following sources:
 First: Each parish school board, Orleans Parish excepted, and each municipality or city school board actually operating, maintaining, or supporting a separate system of public schools, shall levy annually an ad valorem maintenance tax not to exceed five mills
* * *
 Third: For giving additional support to public elementary and secondary schools, any parish school district, or subschool district, or any municipality or city school board
which supports a city system of public schools may levy an ad valorem tax for a specific purpose, when authorized by a majority of the electors "
La. Const. Art. VIII, Sec. 13(C) only authorizes the levy of ad valorem taxes by school boards or school districts; the provision does not authorize the levy of these taxes, or the transfer of the authority to levy these taxes, to or for the benefit of a municipality such as the City of Baker or any other entity. Furthermore, La. Const. Art. VIII, Sec. 13(C) only authorizes use of the proceeds of the taxes authorized thereby for the "support of elementary and secondary schools".
In Hemler v. Richland Parish School Board, 142 La. 133, 76 So. 585
(1917), the Louisiana Supreme Court asserted a fundamental legal principle long recognized and adhered to by this office.[2]
Therein, the Court stated:
 "It is a familiar principle that laws authorizing taxation, or in other words, authorizing a debt to be created against the taxpayer, or his property to be taken, without his consent, are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
In accordance with the foregoing, it is the opinion of this office that the Baker City School Board cannot transfer a portion of its authority to levy taxes under La. Const. Art. VIII, Sec. 13(C) to the City of Baker. The taxes authorized by La. Const. Art. VIII, Sec. 13(C) can only be levied by school boards and school districts, and only for purpose of supporting elementary and secondary schools.
We hope the foregoing is helpful. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ____________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
[1] It is your assertion that such an arrangement would allow the City of Baker to take advantage of the fact that ad valorem taxes it levies are not subject to the homestead exemption, as are ad valorem taxes levied by the school board. In other words, it is your assertion that the City could realize that portion of taxes which would be sheltered from collection by the school board by the homestead exemption. We express no opinion whatsoever with regard to this assertion.
[2] See, among others, Attorney General's Opinions Nos. 04-0267; 03-0214; 02-0381; 01-16; 00-20; 99-347; 98-361; 97-434; 96-494; 95-222.