Dear Mayor Rideau:
Reference is made to your recent request for an Attorney General's opinion as to whether the City of Baker could hold an election and present to its voters a proposition authorizing the increase of the City's ad valorem tax rate by 33.2 mils and the reduction of the Baker City School Board's ad valorem tax rate by an amount equal to 33.2 mils, all under the authority of the third paragraph of La Const. Art. VIII, Sec. 13(C).
According to your correspondence, such an arrangement would assist the City of Baker in its efforts to shift the primary source of its revenue from a sales tax based revenue stream to a property tax based stream of revenue. If the proposed proposition passed, you advise that the City of Baker would provide to the Baker City School Board an amount equal to the amount of revenue lost to the School Board by virtue of its millage reduction, thereby allowing the City of Baker to take advantage of the fact that ad valorem taxes it levies are not subject to the homestead exemption, as are ad valorem taxes levied by the school board.
As we understand your letter, you believe this arrangement would allow the City to realize for its own purposes (i.e. municipal purposes as opposed to school purposes) that portion of taxes which would be sheltered from collection by the school board by the homestead exemption.
Pertinently, the third paragraph of La. Const. Art. VII, Sec.13(C) provides:
 "Local Funds. Local funds for the support of elementary and secondary schools shall be derived from the following sources:
 * * *
 Third: For giving additional support to public elementary and secondary schools, any parish school district, or subschool district, or any municipality or city school board which supports a city system of public schools may levy an ad valorem tax for a specific purpose, when authorized by a majority of the electors . . ."
In our opinion, although La. Const. Art. VIII, Sec. 13(C) authorizes the City of Baker to "levy an ad valorem tax for a specific purpose, when authorized by a majority of the electors", such taxes can only be levied "for giving additional support to elementary and secondary schools". The City of Baker could not realize or use any of the tax proceeds levied pursuant to such an arrangement for any purpose other than the purpose of "giving additional support to public elementary and secondary schools", as is required by the provisions of La. Const. Art. VIII, Sec.13(C).
La. Const. Art. VIII, Sec. 13(C) does not authorize the levy of these taxes for the benefit of a municipality such as the City of Baker or any other entity. Thus, the full amount of all proceeds collected by the City of Baker, including the portion which would otherwise be sheltered by the homestead exemption if collected by the School Board, would have to be used by the City of Baker strictly for the support of the public schools. See Hemler v.Richland Parish School Board, 142 La. 133, 76 So. 585 (1917), wherein the Court stated:
 "It is a familiar principle that laws authorizing taxation, or in other words, authorizing a debt to be created against the taxpayer, or his property to be taken, without his consent, are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied." (Emphasis added).
See also the opinions of this office which adhere to the principles enunciated in the Hemler decision, including Attorney General's Opinion No. 04-0013, addressed to you on March 10, 2005, with respect to the ability of the School Board to transfer its taxing authority under La. Const Art. VII, Sec.13(C) to the City of Baker. See also Attorney General's Opinions Nos. 04-0267; 03-0214; 02-0381; 01-16; 00-20; 99-347; 98-361; 97-434; 96-494; 95-222.
We trust the foregoing is helpful to you and to the City of Baker. If this office can be of assistance in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ______________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General