Dear Chief DiSalvo and Mr. Parr:
Reference is made to your opinion request, on behalf of the Coteau Fire Protection District (the "District"), regarding the use of the proceeds of an eight mill property tax (the "Tax") levied by the District for the purchase of dress uniforms for the volunteer members of the District's fire protection department, said uniforms to be used during conferences, training events, public education, public relations and other special events. The proposition approved by the District's voters (the "Proposition") provides that the tax is levied:
 ". . . for the purpose of acquiring, constructing, maintaining and operating said district's fire protection facilities and paying the cost of obtaining water for fire protection purposes, including fire hydrant rentals and service".
In particular, you ask that we update or reconsider Attorney General's Opinion No. 02-0084, which determined that a fire protection district could provide dress uniforms to its officers, in their capacity as representatives of the district, but that it would be inappropriate to purchase uniforms for volunteer firefighters who are neither officers nor official representatives of the fire department.
This office has long been of the opinion that ad valorem tax proceeds can only be used in the manner set forth in the proposition approved by the electorate. Attorney General's Opinion Nos. 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that RS 39:704 pertinetly provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnettv. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock V. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed . . . this is especially true of laws authorizing special taxes."
It is with these principles in mind that we address your request.
We note that in addition to other purposes, the Proposition provides that the Tax is levied for the purpose of ". . . operating said district's fire protection facilities . . ."
In our opinion, proper and reasonable fire district operations, including the attendance by appropriate District personnel, volunteer or otherwise, at appropriate conferences, training and public relation events, and the provision of appropriate public education to the District's constituents by paid or volunteer District personnel, falls within the purview of ". . . operating said district's fire protection facilities . . ." In accord: Attorney General's Opinion No. 92-592.
Accordingly, if the District has determined that the provision of dress uniforms to its paid members, volunteer members or both, will improve and facilitate District fire protection operations, it is the opinion of this office that that the District can expend a portion of the proceeds of the Tax for dress uniforms. In light of our determination herein, Attorney General's Opinion No. 02-0084 is hereby recalled.
We trust the foregoing to be responsive to your request. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General