Dear Mr. Aaron:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Downtown Development District of the City of New Orleans, you have asked for our opinion regarding the use of a portion of the Downtown Development District's collected ad valorem tax.
Your request indicates that the Downtown Development District is a statutorily created special taxing district that levies and collects an ad valorem tax solely on real property located within the geographic boundaries of the district. The Downtown Development District uses the proceeds from the ad valorem tax solely in the manner set forth in the propositions approved by the electorate.
You indicate that the City of New Orleans has requested the Downtown Development District use a portion of its collected ad valorem tax to contribute to a settlement reached in one out of several pension fund lawsuits filed against the City of New Orleans. You specifically ask for our opinion on the following questions:
 (1) Is it legal to subject the Downtown Development District, a special taxing district, to pension fund contribution obligations imposed by the legislature for the benefit of pension funds for clerks of court, sheriffs and or/assessor? and
 (2) Would it be legal for the Downtown Development District, a special taxing district, to contribute to settlements between the City of New Orleans and the aforesaid pension funds for past due considerations?
The questions presented involve the disposition of proceeds derived from a special tax; as such both questions will be addressed in light of La. Rev. Stat. 39:704 and La. Rev. Stat. 33:2740.3, the Downtown Development District's enabling statute. *Page 2 
La. Rev. Stat. 33:2740.3 (I), states the following:
 § 2704.3. The Downtown Development District of the City of New Orleans; creation, composition, and powers; preparation of plans; levy of ad valorem taxes and issuance of bonds
 I. The city council, in addition to all other taxes which it is now or hereafter may be authorized by law to levy and collect, is hereby authorized to levy and collect as hereinafter specifically provided for a term not to exceed fifty years from and after the date the first tax is levied pursuant to the provisions of this Section, in the same manner and at the same time as all other ad valorem taxes on property subject to taxation by the city are levied and collected, a special ad valorem tax upon all taxable real property situated within the boundaries of the core area development district. The number of mills hereby authorized shall be computed by dividing the number of mills levied and collected by the city of New Orleans for general operating purposes for the year 1977 into the number of mills levied and collected by the city of New Orleans for general operating purposes for the year 1978 and multiplying the result by ten. No such tax shall be levied until a plan requiring or requesting the levy of a tax is finally and conclusively adopted in accordance with the procedures prescribed in this Section. The proceeds of said tax shall be used solely and exclusively for the purposes and benefit of the district. Said proceeds shall be paid over to the Board of Liquidation, City Debt, day by day as the same are collected and received by the appropriate officials of the city of New Orleans and maintained in a separate account. Said tax proceeds shall be paid out by the Board of Liquidation, City Debt, solely for the purposes herein provided upon warrants or drafts drawn on said Board of Liquidation, City Debt, by the appropriate officials of the city and the treasurer of the district. (emphasis added).
This statute clearly allows the Downtown Development District to levy a special ad valorem tax. Pursuant to the authority granted by La. Rev. Stat. 33:2740.3, you state that the following proposition was presented to the voters:
 CITY OF NEW ORLEANS (DOWNTOWN DEVELOPMENT DISTRICT) PROPOSITION (TAX CONTINUATION) SUMMARY: CONTINUED AUTHORITY TO LEVY A NOT EXCEEDING 22.97 MILLS PROPERTY TAX IN THE DOWNTOWN DEVELOPMENT DISTRICT FOR AN ADDITIONAL 25 YEARS, BEGGINNING WITH THE *Page 3 
YEAR 2005 AND ENDING WITH THE YEAR 2029, FOR PUBLIC IMPROVEMENTS, FACILITIES AND SERVICES, AND DEBT SERVICE ON BONDS OF THE CITY ISSUED FOR CAPITAL IMPROVEMENTS AND FACILITIES WITHIN THE DISTRICT.
 Shall the City of New Orleans, State of Louisiana (the "City"), acting through its Council as the governing authority thereof, continue to be authorized to levy a special tax of not exceeding Twenty-Two and Ninety-Seven Hundredths (22.97) mills upon all taxable real property situated within the boundaries of the Downtown Development District of the City of New Orleans (the "District") as defined by La. R.S. 33:2740.3, as amended (the "Act"), for an additional twenty-five (25) years, beginning with the year 2005 and ending with the year 2029, said tax to be for the use and benefit of the District with the proceeds of said tax to be dedicated and used solely for public improvements, facilities and services within the District, and shall the City be further authorized to issue such bonds in a principal amount not exceeding $10,000,000, which bonds shall be payable solely from the proceeds of special tax?
The proposition restricts the use of the tax proceeds to public improvements, facilities and services, and debt service on bonds of the City issued for capital improvements and facilities within the District. It has consistently been the opinion of this office that the proceeds from a special tax can only be used for the objects and purposes for which the tax was levied. See generally Attorney General Opinion Nos. 07-207, 07-0154, 05-0159, 05-0168.
Specifically, we note La. Rev. Stat. 39:704 provides the following:
 § 704. Proceeds of special tax
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used.
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v. Richland ParishSchool Board, 76 So. 585 (La. 1917); Watkins v. Ouachita Parish SchoolBoard, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board,277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James ParishCouncil, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. InHemler, at pg. 586, the Supreme Court stated: *Page 4 
 It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed . . . this is especially true of laws authorizing special taxes.
Therefore, it is the opinion of this office that the proceeds from the Downtown Development District ad valorem tax can only be used for public improvements, facilities and services, and debt service on bonds of the City issued for capital improvements and facilities within the District. From the information provided to our office, we do not believe the proposed contribution comports with the objects and purposes set forth in the proposition. As such, we do not believe such a contribution is allowed by law.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt