Dear Mr. Rogers:
You have asked this office to advise if the proceeds of an ad valorem tax, levied by the Livingston Parish Fire Protection District No. 1 (the District), may be used for training personnel to provide emergency medical services, and further if such proceeds may be used to purchase equipment and supplies for the District's emergency medical service facilities.
La.R.S. 40:1501(2) authorizes the Livingston Parish Fire Protection District No. 1 to provide emergency medical services. La.R.S. 40:1501(2) states:
 Notwithstanding any other law to the contrary, the fire protection district may provide emergency medical service itself. Any district which provides such service shall have all authority granted to ambulance service districts by R.S. 33:9053 et seq.
and any other provision of law.
Pursuant to La.R.S. 40:1501 (A)(1), and subject to approval of the electorate, the governing authority of a fire protection district is given the power to levy ad valorem taxes for the purposes of operating and maintaining emergency medical service facilities, vehicles, and equipment. La.R.S. 40:1501(A)(1) provides, in pertinent part: *Page 2 
 A. (1) Notwithstanding any other provision of law, the governing authority of a fire protection district may submit to the electors of the district a proposition to levy ad valorem taxes for any of the following purposes: acquiring, constructing, improving, maintaining or operating fire protection or emergency medical service facilities, vehicles, and equipment, including both movable and immovable property, that are to be used by the district directly or indirectly to provide fire protection or emergency medical service . . .
The tax proposition approved by the voters of the District on April 2, 2005 renews a 10-year, 10-mill property tax beginning in 2007. The tax proposition provides, in pertinent part:
 BE IT RESOLVED by the Livingston Parish Council, the governing authority of the Parish of Livingston, State of Louisiana, as follows:
 SECTION 1. The Livingston Parish Council, the governing authority of the Parish of Livingston, Louisiana, does hereby grant approval, consent and authority for the Board of Commissioners of Fire Protection District No. 1 of the Parish of Livingston, Louisiana (the "District"), the governing authority of said District, to conduct a special election on Saturday, April 2, 2005, presenting to the voters a proposition to renew the ten mill, 10 year ad valorem tax, heretofore collected in said District as set forth in the following propositions:
 TAX RENEWAL PROPOSITION SUMMARY: 10-YEAR, 10-MILL PROPERTY TAX RENEWAL FOR MAINTAINING AND OPERATING THE FIRE PROTECTION FACILITIES OF FIRE PROTECTION DISTRICT NO. 1 OF THE PARISH OF LIVINGSTON, LOUISIANA, PURCHASING FIRE TRUCKS, AND OTHER FIRE FIGHTING EQUIPMENT, AND PAYING THE COST OF OBTAINING WATER FOR FIRE PROTECTION PURPOSES, INCLUDING CHARGES FOR FIRE HYDRANT RENTALS AND SERVICE.
 Shall Fire Protection District No. 1 of the Parish of Livingston, State of Louisiana (the "District"), continue to levy and collect a special tax of ten (10) mills on all property subject to taxation in the District for a period of ten (10) years, beginning with the year 2007, for the purpose of maintaining and operating the District's fire protection facilities, purchasing fire trucks and other fire fighting equipment, and paying the cost of obtaining water for fire protection purposes, *Page 3 
including charges for fire hydrant rentals and service in and for said District?
The issue presented for our resolution is whether this property tax, dedicated "for the purpose of maintaining and operating the District's fire protection facilities, purchasing fire trucks and other fire fighting equipment, and paying the cost of obtaining water for fire protection purposes, including charges for fire hydrant rentals and service in and for said District," would permit the tax revenues to be used for the purpose of maintaining and operating the District's emergency medical service facilities.
While La.R.S. 40:1501(A)(1) authorizes the fire protection district to levy ad valorem taxes for the operation of fire protection or emergency medical service facilities, the statute does impose the following limitation: "the specific purposes of any such tax, as well as the rate and duration of the tax, shall be as determined by the governing authority of the district and specified in the proposition . . ."
Further, La.R.S. 39:704 provides:
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the object and purposes for which the proceeds of the tax are used.
In the case of Save Acadia's Water, Inc., et al. v. AcadiaParish Police Jury, et al., 95-145 (La. App. 3 Cir. 3/29/95) 653 So.2d 94, 98; writdenied, 95-1069 (La. 6/30/95) 657 So.2d 1032, regarding the statutory and jurisprudental guidelines for the interpretation of tax propositions, the court observed:
 Spending, pursuant to a special tax is governed by R.S. 39:704. Further, under the well established jurisprudence of this state, special taxes are strictly construed. Hemler v. Richland Parish School Board, 142 La. 133, 76 So. 585 (1917) . . . In Hemler, 76 So. at 587, the supreme court specifically held that: "It is [a] familiar principle that laws authorizing taxation are in derogation of common right, and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose, the tax may not be levied."
The tax proposition here reviewed authorizes the use of the property tax *Page 4 
revenues for purposes specifically related to the acquisition, construction, improvement, maintenance, and operation of fireprotection facilities and equipment. The proposition is silent with regard to emergency medical service facilities or equipment.
Because the tax proposition does not include emergency medical services as a purpose for levying the tax, and in accord with the reasoning expressed by the courts in Save Acadia's Water, andHemler, supra, it is the opinion of this office that the use of tax proceeds for emergency medical service facilities or equipment is not authorized. It is further the opinion of this office that the tax proceeds may not be used for training personnel to provide emergency response services, and may not be used to purchase equipment and supplies specifically used to provide emergency medical services.
We would point out that La.R.S. 40:1500(B) authorizes fire protection districts to utilize their equipment to transport any injured or ill person to a hospital or other place of medical care in an emergency situation where there is no reasonable expectation of a prompt response by an ambulance. In La. Atty. Gen. Op. 93-292, this office reviewed a similar tax proposition, and advised the governing authority of the Fire Protection District No. 4 of St. Tammany Parish that "while expenditure of the property tax for medical treatment and transportation necessitated by, and incidental to, a fire would be permissible, we are of the opinion that the proposition does not envision the use of the proceeds for an expanded emergency medical response and transportation service."
We make a similar distinction here, in that the property taxmay be used by the governing authority of the District to trainfiremen to provide emergency, medical, life-saving servicesnecessitated by, and incidental to, a fire or fire prevention,pursuant to La.R.S. 40:1500(B).
Any portion of the tax proceeds could be rededicated by the voters for another purpose in accordance with the applicable laws on the rededication of tax proceeds. See La. Atty. Gen. Op. 08-0284. Thus, the District could request the voters to rededicate the use of the proceeds of the tax to include use for emergency medical service facilities, vehicles, and equipment as authorized by La.R.S. 40:1501(A)(1). A rededication election would have to be approved by the State Bond Commission in accordance with La.R.S. 39:1410.61.[1] *Page 5 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 39:1410.61 provides:
Before incurring any debt, holding any election to authorize the incurring of any debt or the levy of any special tax, borrowing any money for any purpose whatever, issuing any bonds or other evidences whatever the debt, levying any tax or pledging any tax or revenue or income for the payment of any such bonds or debt, where they are authorized so to do by the constitution and the laws of this state, every such governmental agency of the state of Louisiana named in R.S. 39:1410.60 shall obtain the consent and approval of the commission.