Dear Mr. Cabra:
You requested the opinion of this office regarding the validity of the Vernon Parish Police Jury (the "Police Jury") charging various Coroner's expenses to the Parish Health Unit Fund (the "Fund") rather than to the General Fund. You advised that the expenses are typically such items as salary, auto mileage, Coroner's emergency certificates, autopsy, transportation for autopsies, telephone and miscellaneous office supplies. The Fund is also used for the maintenance and operation of the Parish Health Unit, rabies vaccine, rodent poison, mosquito control and certain parish prison inmates health expenses.
The three mills property tax which provides money for the Fund is dedicated "for the purposes of furnishing the Parish's portion of funds to improve, maintain and operate the Vernon Parish Health Unit and improving, maintaining and operating the Parish animal shelter".
This office has long been of the opinion that ad valorem tax proceeds must be used in the manner set forth in the proposition approved by the electorate. Op.Atty.Gen. Nos. 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that La.R.S. 39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Police Jury of the Parish ofAcadia v. All Taxpayers, et al. (La.App. 3 Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemler v. Richland Parish School Board, 76 So. 585
(La. 1917); Watkins v. Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation. . . are in derogation of common rights; and therefore are to be strictly construed. . . this is especially true of laws authorizing special taxes."
Proceeds of special taxes must be used solely for the purpose or purposes set forth in the proposition approved by the voters. In the instant situation, the proposition states that the tax shall be used for the purpose of improving, maintaining and operating the Parish Health Unit and improving, maintaining and operating the Parish animal shelter.
Parish governing bodies are mandated to provide a health unit or department. These units or departments are known as parish health units. R.S. 40:12. The governing body of each parish shall provide ample means for the maintenance and operation of its parish health units or departments and for the promotion and conservation of public health. R.S. 40:13.
R.S. 40:14 provides as to the jurisdiction of parish health units, as follows:
 "Parish health units may, through the parish governing authority, control and administer all matters of local sanitation not generally affecting other portions of the state. They may pass local health and sanitary ordinances and define and abate nuisances dangerous to the public health of that parish only. They may also regulate drainage and ventilation with reference to human habitation and places of business and public resort; provide for the disposition of fecal matter and garbage and waste subject to provisions of state law and the sanitary code; regulate the erection of buildings, with due regard to the filling and grading of lots, and the arrangement of buildings; provide for the vacation and demolishing of buildings when necessary for the protection of public health; and generally enforce all health and sanitary ordinances so adopted. However, these rules, ordinances and regulations shall not conflict with the rules and regulations of the sanitary code and shall not be less restrictive than the state sanitary code and may provide and regulate with respect to health matters not covered by the sanitary code."
There is nothing in R.S. 40:14 nor in the tax proposition which would allow the Parish Health Unit to cover the expenses of the Coroner. In accord is Op.Atty.Gen. 98-94 wherein this office determined that the proceeds of a tax dedicated for the maintenance and operation of the parish health unit could not be used for the payment of the Coroner's costs and/or the expenses incidental to commitments.
Concerning the other matters paid from the Fund, this office has previously opined that, depending upon the language approved by the voters, the parish health unit fund may be used in certain instances for mosquito abatement[1], the eradication of rabies[2] and medical and dental services for inmates housed in the parish prison[3].
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: July 10, 2003
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL
[1] Op.Atty.Gen. 02-0317
[2] Op.Atty.Gen. 98-94
[3] Op.Atty.Gen. 97-294 and 95-124.