Dear Ms. Gwin:
Reference is made to your request for an Attorney General's opinion regarding use of the proceeds of an ad valorem tax levied by Franklin Parish in accordance with a proposition approved by the Parish's voters, which proposition dedicated the use of the tax proceeds ". . . for the purpose of maintaining, operating and purchasing Parish equipment" (the Tax").
On behalf of the Police Jury, you ask whether or not the Tax revenues can be used to purchase land and a building to house offices for the Parish's road superintendent, purchasing agent, road barn clerk, etc., as well as to be used to store and maintain parish equipment and the records regarding same.
This office has long been of the opinion that ad valorem tax proceeds can only be used in the manner set forth in the proposition approved by the electorate. Attorney General's Opinion Nos. 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that RS 39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnettv. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock V. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "it is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed . . . this is especially true of laws authorizing special taxes."
It is with these principles in mind that we address your question, and advise that in the opinion of this office, the language of the proposition approved by the voters authorizes use of the tax proceeds only for the purpose of "maintaining, operating and purchasing Parish equipment". In our opinion, the words "for the purpose of maintaining, operating and purchasing Parish equipment" must, of necessity, be deemed to include the acquisition of items that are essential to the performance of maintenance and operation of Parish equipment. However, we do not believe that the words can be considered as authorizing capital expenditures, i.e. capital outlay for land and buildings, even if the purpose of the capital expenditure is related to the maintenance, operation and purchase of equipment. In accord: Attorney General's Opinions Nos. 00-20; 89-613; 89-329.
Please be advised that the Parish could ask its voters to rededicate the proceeds of the Tax to a different purpose, including the acquisition of land and buildings to house equipment and offices. Please note that a rededication election would have to be approved by the State Bond Commission in accordance with La. R.S. 39:1410.61.
We trust the foregoing to be of assistance. We hope that you will not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General