Dear Mr. Honeycutt:
You requested an Attorney General's opinion regarding expenditures by the Parks Recreation District No. 3 of Livingston Parish ("District"). You question whether the District may use operating funds derived from a 15 mills tax for recreation related construction or capital improvements.
The authority for the District to levy such a tax is found in La.R.S.33:4566 which provides:
 The recreation districts created under the provisions of R.S. 33:4562 are declared to be political subdivisions of the state, and for the purpose of purchasing and acquiring lands, buildings, equipment, and other facilities, and for the construction and maintenance thereof are authorized to vote and levy special maintenance taxes and issue bonds when authorized to do so by a vote of the qualified electors of the district and as authorized by the Constitution and laws of the state of Louisiana. Any election authorized under this Section shall be called by the board of commissioners of the district, and in the same election to issue bonds the board may also submit to the qualified electors of the district a proposition to levy a special tax not to exceed fifteen mills on the dollar for a period not to exceed ten years for the purpose of maintaining and operating said district.
This statute clearly allows the District to levy special maintenance taxes and issue bonds for the purpose of purchasing and acquiring lands, buildings, equipment, and other facilities, and for the construction and maintenance thereof. Thus, the District may levy a special maintenance tax and use the proceeds for recreation related construction or capital improvements. However, as with any tax, we must look to the proposition which authorized the tax to see if the use of funds set forth in the proposition allows for such uses. The proposition imposing the tax was as follows: *Page 2 
 SUMMARY: RENEWAL OF TEN (10) YEAR, FIFTEEN (15) MILL SPECIAL PROPERTY TAX FOR OPERATING AND MAINTAINING RECREATION DISTRICT NO. 3 OF LININGSTON PARISH, LOUISIANA.
 Shall Recreation District No. 3 of Livingston Parish, Louisiana renew the levy of a special tax of fifteen (15) mills on the dollar of assessed valuation on all the property subject to taxation for such purpose in Recreation District No. 3 of Livingston Parish, Louisiana, annually for the period of ten (10) years beginning with the year 2006 for the purpose of operating and maintaining said district?
The proposition restricts the use of the tax proceeds to the operating and maintaining of the District. This office has long been of the opinion that ad valorem tax proceeds must be used in the manner set forth in the proposition approved by the electorate. Attorney General Opinion Nos. 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that La.R.S. 39:704 pertinently provides:
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied.
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v. Richland ParishSchool Board, 76 So. 585 (La. 1917); Watkins v. Ouachita Parish SchoolBoard, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board,277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James ParishCouncil, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. InHemler, at pg. 586, the Supreme Court stated:
 It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed . . . this is especially true of laws authorizing special taxes.
Therefore, the proceeds of the above described tax can only be used for operating and maintaining the District. In Attorney General Opinion No. 02-0381 we stated that our office had previously opined that the proceeds of a tax levied for the purposes of operating and maintaining a special district could not be used to construct a building for the district (citing Attorney General Opinion Nos. 97-130, 89-329 and 88-601). However, our office never made such a blanket statement regarding the use of tax funds. We determined the permissible use of funds by examining the actual language of the proposition approved by the voters.
Opinion No. 88-601 involved a question concerning the proposed use of funds by a fire district. The tax proposition stated that the tax was for "the purpose of purchasing and maintaining equipment, for use in the operation of Fire District No. Five of Grant Parish". We opined that the fire district could not use the tax proceeds for the construction of buildings because the proposition only authorized the use of funds for equipment. *Page 3 
Opinion No. 89-329 also dealt with the use of tax proceeds by a fire district. The proposition at issue provided that proceeds were to be used "for the purpose of operating, maintaining and keeping in repair the fire protection equipment of said fire protection district." Based upon this very narrow language, we stated that the tax proceeds could not be used to purchase a fire truck or to construct a substation.
Another opinion addressing the use of tax proceeds by a fire district is Opinion No. 97-130. The proposition we addressed in that opinion specified that tax proceeds were to be utilized for the purpose of "purchasing fire trucks and other fire fighting equipment". Because the language of the proposition limited the use of funds to purchasing fire fighting equipment, we opined that the proceeds could not be used to purchase or construct a fire station.
In each of these opinions, the tax propositions specifically limited the use of funds to maintaining and/or operating equipment or vehicles. None of these opinions state that tax proceeds dedicated to the operation and maintenance of a special district cannot be used for construction. Opinion No. 02-0381 addressed a question concerning the use of tax proceeds dedicated "for the support and maintenance of the Tensas Parish Library". This language limits the use of proceeds to maintenance of an existing building. None of the propositions cited in these opinions dedicated proceeds to the operating and maintaining of a recreation district, or any other district for that matter. While the premise that maintaining and operating a district generally does not include building or construction activities is probably accurate, we still must look at each proposition on a case by case basis to determine what uses are permitted.
As we indicated, the proposition at issue restricts the use of the tax proceeds to the operating and maintaining of the District. To determine what that entails, we must examine the statute authorizing the District to impose the tax. As indicated above, R.S. 33:4566 provides in part:
 . . .for the purpose of purchasing and acquiring lands, buildings, equipment, and other facilities, and for the construction and maintenance thereof [recreation districts] are authorized to vote and levy special maintenance taxes and issue bonds.
This statute allows recreation districts to impose special maintenance taxes for the purpose of purchasing or constructing land, buildings, equipment and other facilities. Therefore, for the purposes of R.S.33:4566, maintenance would include purchasing or constructing land, buildings, equipment and other facilities. Because the tax at issue is a special maintenance tax, and the tax proposition dedicates the proceeds to maintaining the District, it is our opinion that the tax proceeds may be used for recreation related construction or capital improvements. This conclusion is based upon the specific language of R.S. 33:4566, and it is not the opinion of our office that all propositions which dedicate funds to maintenance allow tax proceeds to be used for *Page 4 
construction. Any such construction or improvements must be for facilities that are consistent with the purposes of the District as set forth in La.R.S. 33:4563, which provides:
 The objects and purposes of the recreation districts created under R.S. 33:4562 shall be to own and operate playgrounds and other facilities; or generally to engage in activities which would promote recreation and any related activity designed to encourage recreation and promote the general health and well being of youths.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt